JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-10224-RGK-JC | Date | November 10, 2020 |
|---|---|---|---|
| Title | *Berta Aldana v. Lodging Dynamics Group, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Remanding Action to State Court**

On May 8, 2020, Berta Aldana ("Plaintiff") filed a complaint against Helpside, Inc., alleging various state claims for disability discrimination and wrongful termination. On October 5, 2020, Plaintiff amended her complaint by replacing Helpside, Inc. with Lodging Dynamics Hospitality Group, LLC ("Lodging Dynamics") and adding Marriot International, LLC ("Marriot") (collectively, "Defendants") as a defendant. Lodging Dynamics was served with on October 8, 2020 and Marriot on October 9, 2020.

On November 9, 2020, Defendants removed the action to this Court based on diversity of citizenship. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

A civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court based on § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant.") If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

Here, Plaintiff seeks damages for lost wages, emotional distress, general and special damages, punitive damages, and attorneys' fees. In support of removal, Defendants calculated that based on

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-10224-RGK-JC | Date | November 10, 2020 |
|---|---|---|---|
| Title | *Berta Aldana v. Lodging Dynamics Group, LLC et al* | | |

Plaintiff's hourly wage, her backpay from the date of her termination, April 20, 2019, to the date of removal would be $45,360. With $45,360 as a starting point Defendants do not meet the minimum amount in controversy, as Defendants' inclusion of emotional distress damages, attorneys' fees, and punitive damages are speculative.

Defendants estimate Plaintiff's emotional distress damages to be $75,000. As support, Defendants point to other instances in which district courts considered jury verdicts for emotional distress claims in disability discrimination. But emotional distress damages in one case does not indicate that Plaintiff here would be entitled to that same amount. Defendants have pointed to no facts that Plaintiff would be awarded an amount of emotional distress damages to meet the jurisdictional requirements.

As to punitive damages, Defendants state that punitive damages are usually awarded as a 1:1 ratio of compensatory damages. But, like the emotional distress damages, such an award is only speculation.

Regarding attorneys' fees, district courts within the Ninth Circuit are split as to whether to include them in the amount in controversy calculation, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

Thus, Defendants have failed to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Accordingly, this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

cc:  LASC, Case No. 20STCV20223

|  |  : |
|---|---|
| Initials of Preparer | jre |